# EXHIBIT A

20211120er

An act relating to telephone solicitation; amending s. 501.059, F.S.; defining terms; prohibiting certain telephonic sales calls without the prior express written consent of the called party; removing provisions authorizing the use of certain automated telephone dialing systems; providing a rebuttable presumption for certain calls made to any area code in this state; providing a cause of action for aggrieved called parties; authorizing a court to increase an award for willful and knowing violations; amending s. 501.616, F.S.; prohibiting a commercial telephone seller or salesperson from using automated dialing or recorded messages to make certain commercial telephone solicitation phone calls; revising the timeframe during which a commercial telephone seller or salesperson may make commercial solicitation phone calls; prohibiting commercial telephone sellers or salespersons from making a specified number of commercial telephone solicitation phone calls to a person over a specified timeframe; prohibiting commercial telephone sellers or salespersons from using certain technology to conceal their true identity; providing criminal penalties; reenacting s. 501.604, F.S., relating to exemptions to the Florida Telemarketing Act, to incorporate the amendment made to s. 501.616, F.S., in a reference thereto; reenacting s. 648.44(1)(c), F.S., relating to prohibitions regarding bail bond agent telephone


**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

solicitations, to incorporate the amendment made to s. 501.616, F.S., in a reference thereto; providing an effective date.

Be It Enacted by the Legislature of the State of Florida:

Section 1. Present paragraphs (a) through (e) and (f) through (i) of subsection (1) and present subsections (10), (11), and (12) of section 501.059, Florida Statutes, are redesignated as paragraphs (b) through (f) and (i) through (l), and subsections (11), (12), and (13), respectively, new paragraphs (a), (g), and (h) are added to subsection (1), a new subsection (10) is added to that section, and subsection (8) of that section is amended, to read:

501.059 Telephone solicitation.—

(1) As used in this section, the term:

(a) “Called party” means a person who is the regular user of the telephone number that receives a telephonic sales call.

(g) “Prior express written consent” means a written agreement that:

1. Bears the signature of the called party;

2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;



**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

(h) “Signature” includes an electronic or digital signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law.

(8)(a) A ~~No~~ person may not ~~shall~~ make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party.

(b) ~~Nothing herein prohibits the use of an automated telephone dialing system with live messages if the calls are made or messages given solely in response to calls initiated by the persons to whom the automatic calls or live messages are~~

~~directed or if the telephone numbers selected for automatic dialing have been screened to exclude any telephone subscriber who is included on the department's then-current "no sales solicitation calls" listing or any unlisted telephone number, or if the calls made concern goods or services that have been previously ordered or purchased.~~

~~(c)~~ It shall be unlawful for any person who makes a telephonic sales call or causes a telephonic sales call to be made to fail to transmit or cause not to be transmitted the originating telephone number and, when made available by the telephone solicitor's carrier, the name of the telephone solicitor to any caller identification service in use by a recipient of a telephonic sales call. However, it is ~~shall~~ not ~~be~~ a violation to substitute, for the name and telephone number used in or billed for making the call, the name of the seller on behalf of which a telephonic sales call is placed and the seller's customer service telephone number, which is answered during regular business hours. If a telephone number is made available through a caller identification service as a result of a telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a telephonic sales call was placed. For purposes of this section, the term "caller identification service" means a service that allows a telephone subscriber to have the telephone number and, where available, the name of the calling party transmitted contemporaneously with the telephone call and displayed on a device in or connected to the subscriber's

telephone.

(c) ~~(d)~~ It shall be unlawful for any person who makes a telephonic sales call or causes a telephonic sales call to be made to intentionally alter the voice of the caller in an attempt to disguise or conceal the identity of the caller in order to defraud, confuse, or financially or otherwise injure the recipient of a telephonic sales call or in order to obtain personal information from the recipient of a telephonic sales call which may be used in a fraudulent or unlawful manner.

(d) There is a rebuttable presumption that a telephonic sales call made to any area code in this state is made to a Florida resident or to a person in this state at the time of the call.

(10)(a) A called party who is aggrieved by a violation of this section may bring an action to:

1. Enjoin such violation.

2. Recover actual damages or $500, whichever is greater.

(b) If the court finds that the defendant willfully or knowingly violated this section or rules adopted pursuant to this section, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a).

Section 2. Subsections (6) and (7) of section 501.616, Florida Statutes, are amended to read:

501.616 Unlawful acts and practices.—

(6) A commercial telephone seller or salesperson may not make any of the following types of phone calls, including calls made through automated dialing or recorded messages:

(a) A commercial telephone solicitation phone call before 8



**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

a.m. or after 8 ~~9~~ p.m. local time in ~~at~~ the called person's time zone ~~location~~.

(b) More than three commercial telephone solicitation phone calls from any number to a person over a 24-hour period on the same subject matter or issue, regardless of the phone number used to make the call.

(7) A commercial telephone seller or salesperson making a commercial telephone solicitation call may not:

(a) Intentionally act to prevent transmission of the telephone solicitor's name or telephone number to the party called when the equipment or service used by the telephone solicitor is capable of creating and transmitting the telephone solicitor's name or telephone number.

(b) Use technology that deliberately displays a different caller identification number than the number the call is originating from to conceal the true identity of the caller. A commercial telephone seller or salesperson who makes a call using such technology commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

Section 3. For the purpose of incorporating the amendment made by this act to section 501.616, Florida Statutes, in a reference thereto, section 501.604, Florida Statutes, is reenacted to read:

501.604 Exemptions.—The provisions of this part, except ss. 501.608 and 501.616(6) and (7), do not apply to:

(1) A person engaging in commercial telephone solicitation where the solicitation is an isolated transaction and not done in the course of a pattern of repeated transactions of like nature.

(2) A person soliciting for religious, charitable, political, or educational purposes. A person soliciting for other noncommercial purposes is exempt only if that person is soliciting for a nonprofit corporation and if that corporation is properly registered as such with the Secretary of State and is included within the exemption of s. 501(c)(3) or (6) of the Internal Revenue Code.

(3) A person who does not make the major sales presentation during the telephone solicitation and who does not intend to, and does not actually, complete or obtain provisional acceptance of a sale during the telephone solicitation, but who makes the major sales presentation and completes the sale at a later face-to-face meeting between the seller and the prospective purchaser in accordance with the home solicitation provisions in this chapter. However, if a seller, directly following a telephone solicitation, causes an individual whose primary purpose it is to go to the prospective purchaser to collect the payment or deliver any item purchased, this exemption does not apply.

(4) A licensed securities, commodities, or investment broker, dealer, or investment adviser, when soliciting within the scope of his or her license, or a licensed associated person of a securities, commodities, or investment broker, dealer, or investment adviser, when soliciting within the scope of his or her license. As used in this section, "licensed securities, commodities, or investment broker, dealer, or investment adviser" means a person subject to license or registration as such by the Securities and Exchange Commission, by the Financial Industry Regulatory Authority or other self-regulatory organization as defined by the Securities Exchange Act of 1934,


**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

15 U.S.C. s. 78l, or by an official or agency of this state or of any state of the United States. As used in this section, "licensed associated person of a securities, commodities, or investment broker, dealer, or investment adviser" means an associated person registered or licensed by the Financial Industry Regulatory Authority or other self-regulatory organization as defined by the Securities Exchange Act of 1934, 15 U.S.C. s. 78l, or by an official or agency of this state or of any state of the United States.

(5) A person primarily soliciting the sale of a newspaper of general circulation.

(6) A book, video, or record club or contractual plan or arrangement:

(a) Under which the seller provides the consumer with a form which the consumer may use to instruct the seller not to ship the offered merchandise.

(b) Which is regulated by the Federal Trade Commission trade regulation concerning "use of negative option plans by sellers in commerce."

(c) Which provides for the sale of books, records, or videos which are not covered under paragraph (a) or paragraph (b), including continuity plans, subscription arrangements, standing order arrangements, supplements, and series arrangements under which the seller periodically ships merchandise to a consumer who has consented in advance to receive such merchandise on a periodic basis.

(7) A supervised financial institution or parent, subsidiary, or affiliate thereof operating within the scope of supervised activity. As used in this section, "supervised

financial institution" means a commercial bank, trust company, savings and loan association, mutual savings bank, credit union, industrial loan company, consumer finance lender, commercial finance lender, or insurer, provided that the institution is subject to supervision by an official or agency of this state, of any state, or of the United States. For the purposes of this exemption, "affiliate" means a person who directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, a supervised financial institution.

(8) Any licensed insurance broker, agent, customer representative, or solicitor when soliciting within the scope of his or her license. As used in this section, "licensed insurance broker, agent, customer representative, or solicitor" means any insurance broker, agent, customer representative, or solicitor licensed by an official or agency of this state or of any state of the United States.

(9) A person soliciting the sale of services provided by a cable television system operating under authority of a franchise or permit.

(10) A business-to-business sale where:

(a) The commercial telephone seller has been lawfully operating continuously for at least 3 years under the same business name and has at least 50 percent of its dollar volume consisting of repeat sales to existing businesses;

(b) The purchaser business intends to resell or offer for purposes of advertisement or as a promotional item the property or goods purchased; or

(c) The purchaser business intends to use the property or

goods purchased in a recycling, reuse, remanufacturing, or manufacturing process.

(11) A person who solicits sales by periodically publishing and delivering a catalog of the seller's merchandise to prospective purchasers, if the catalog:

(a) Contains a written description or illustration of each item offered for sale.

(b) Includes the business address or home office address of the seller.

(c) Includes at least 20 pages of written material and illustrations and is distributed in more than one state.

(d) Has an annual circulation by mailing of not less than 150,000.

(12) A person who solicits contracts for the maintenance or repair of goods previously purchased from the person making the solicitation or on whose behalf the solicitation is made.

(13) A commercial telephone seller licensed pursuant to chapter 516 or part III of chapter 520. For purposes of this exemption, the seller must solicit to sell a consumer good or service within the scope of his or her license and the completed transaction must be subject to the provisions of chapter 516 or part III of chapter 520.

(14) A telephone company subject to chapter 364, or affiliate thereof or its agents, or a telecommunications business that is regulated by the Florida Public Service Commission, or a Federal Communications Commission licensed cellular telephone company or other bona fide radio telecommunication services provider. For the purposes of this exemption, "affiliate" means a person who directly, or

indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, a telephone company subject to chapter 364.

(15) A person who is licensed pursuant to chapter 497 and who is soliciting within the scope of the license.

(16) An issuer or a subsidiary of an issuer that has a class of securities which is subject to s. 12 of the Securities Exchange Act of 1934, 15 U.S.C. s. 78l, and which is either registered or exempt from registration under paragraph (A), paragraph (B), paragraph (C), paragraph (E), paragraph (F), paragraph (G), or paragraph (H) of subsection (g)(2) of that section.

(17) A business soliciting exclusively the sale of telephone answering services provided that the telephone answering services will be supplied by the solicitor.

(18) A person soliciting a transaction regulated by the Commodity Futures Trading Commission if the person is registered or temporarily licensed for this activity with the Commodity Futures Trading Commission under the Commodity Exchange Act, 7 U.S.C. ss. 1 et seq., and the registration or license has not expired or been suspended or revoked.

(19) A person soliciting the sale of food or produce as defined in chapter 500 or chapter 504 if the solicitation neither intends to result in, or actually results in, a sale which costs the purchaser in excess of $500.

(20) A person who is registered pursuant to part XI of chapter 559 and who is soliciting within the scope of the registration.

(21) A person soliciting business from prospective



**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

consumers who have an existing business relationship with or who have previously purchased from the business enterprise for which the solicitor is calling, if the solicitor is operating under the same exact business name.

(22) A person who has been operating, for at least 1 year, a retail business establishment under the same name as that used in connection with telemarketing, and both of the following occur on a continuing basis:

(a) Either products are displayed and offered for sale or services are offered for sale and provided at the business establishment.

(b) A majority of the seller's business involves the buyer obtaining such products or services at the seller's location.

(23) A person who is a registered developer or exchange company pursuant to chapter 721 and who is soliciting within the scope of the chapter.

(24) Any person who has been lawfully providing telemarketing sales services continuously for at least 5 years under the same ownership and control and who derives 75 percent of its gross telemarketing sales revenues from contracts with persons exempted in this section.

(25) A person licensed pursuant to chapter 475 and who is soliciting within the scope of the chapter.

(26) A publisher, or an agent of a publisher by written agreement, who solicits the sale of his or her periodical or magazine of general, paid circulation. The term "paid circulation" shall not include magazines that are only circulated as part of a membership package or that are given as a free gift or prize from the publisher or agent of the



**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

publisher by written agreement.

(27) A person who is a licensed operator or an identification cardholder as defined in chapter 482, and who is soliciting within the scope of the chapter.

(28) A licensee, or an affiliate of a licensee, regulated under chapter 560, the Money Transmitters' Code, for foreign currency exchange services.

Section 4. For the purpose of incorporating the amendment made by this act to section 501.616, Florida Statutes, in a reference thereto, paragraph (c) of subsection (1) of section 648.44, Florida Statutes, is reenacted to read:

648.44 Prohibitions; penalty.—

(1) A bail bond agent or temporary bail bond agent may not:

(c) Initiate in-person or telephone solicitation after 9:00 p.m. or before 8:00 a.m., in the case of domestic violence cases, at the residence of the detainee or the detainee's family. Any solicitation not prohibited by this chapter must comply with the telephone solicitation requirements in ss. 501.059(2) and (4), 501.613, and 501.616(6).

Section 5. This act shall take effect July 1, 2021.



**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.