**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

STEPHEN MUCCIO, individually and on behalf of all other similarly situated,

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_______________________________________/

CASE NO.: 9:22-cv-81436-DMM

**CLASS ACTION**

**DEFENDANT USHEALTH ADVISORS, LLC'S**
**MOTION FOR AWARD OF ENTITLEMENT TO ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 7.3, and Fla. Stat. § 501.059(11), hereby moves for entry of an Order determining that USHA is entitled to an award of attorneys' fees and costs, and in support thereof states as follows:

## PRELIMINARY STATEMENT

This action was the second action Plaintiff filed against USHA for alleged violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA") concerning a number of alleged text messages sent to him referencing UnitedHealthcare (the "Second Action"). *See also Muccio v. USHEALTH Advisors, LLC*, No. 9:22-cv-80773-DMM (S.D. Fla.) (the "First Action"). ***Both*** were voluntarily dismissed by Plaintiff under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff's voluntary dismissal of this Second Action constitutes a final judgment on the merits.

The FTSA provides that "[i]n any civil litigation resulting from a transaction involving a violation of this section, the prevailing party, after judgment in the trial court and exhaustion of

all appeals, if any, shall receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.059(11)(a). USHA is entitled to an award of reasonable attorneys' fees and costs incurred in this Action from Plaintiff.

## STATEMENT OF FACTS

Plaintiff commenced the First Action on April 3, 2022 and filed a First Amended Class Action Complaint on April 12, 2022. *See* Exs. A & B. The First Amended Class Action Complaint asserted putative class claims under the FTSA and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") stemming from Plaintiff's alleged receipt of text messages regarding UnitedHealthcare. USHA removed the action from state court to this Court on May 23, 2022. *See* Ex. C. On May 26, 2022, before USHA answered or otherwise responded to the operative complaint, Plaintiff filed a notice of voluntary dismissal. *See* Ex. D.

Plaintiff commenced the Second Action against USHA on August 23, 2022. The Class Action Complaint asserted putative class claims, identical to the First Action except only under the FTSA, based on the same text messages from the First Action that were allegedly sent to Plaintiff regarding UnitedHealthcare. *See* Ex. E. USHA removed the Second Action to this Court on September 14, 2022. *See* Ex. F. USHA filed a Motion to Dismiss the Class Action Complaint. *See* Ex. G. While USHA's Motion to Dismiss was pending, on October 11, 2022, Plaintiff filed a notice of voluntary dismissal. *See* Ex. H.[1]

## ARGUMENT

Under Fed. R. Civ. P. 54(d)(2), a prevailing party may move for attorney's fees and related nontaxable expenses within 14 days after the entry of judgment. "In this case, judgment

---

[1] Unfortunately, that did not spell the end of Plaintiff's harassing and abusive conduct. Only three days later, Plaintiff filed a ***third*** state court lawsuit over the same alleged text messages, this time against an affiliate of USHA. *See Muccio v. United Healthcare Services, Inc.*, No. 2022-CA-010165 (Fla. 15th Jud. Cir. Ct.).

was entered when the case was voluntarily dismissed, because the notice of voluntary dismissal was effective when filed." *Hill v. Clark*, No. 2:10-CV-00260-WCO, 2012 WL 13018385, at *5 (N.D. Ga. Aug. 16, 2012) (citing *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012)), *aff'd*, 537 F. App'x 888 (11th Cir. 2013). *See also Shave v. Stanford Fin. Group, Inc.*, No. 07-60749-CIV, 2008 WL 3200705 (S.D. Fla. Aug. 6, 2008) (granting motion for attorneys' fees following voluntary dismissal).

USHA is the prevailing party on Plaintiff's claims, which were all brought under the FTSA. "Federal courts adjudicating state law claims, including claims brought under the court's supplemental jurisdiction, must apply the substantive law of the state along with the procedural law of the federal system." *Shelton v. Schar*, No. 5:17-CV-86-OC-40PRL, 2018 WL 3636698, at *1 (M.D. Fla. Apr. 23, 2018) (citing *Horowitch v. Diamond Aircraft Indust., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011)). "Statutes allowing for the recovery of attorney's fees generally apply in federal court because they reflect the substantial policy of the state." *Id. See also McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002) ("[S]tatutes allowing for recovery of attorney's fees are substantive for *Erie* purposes.").

As a general matter, Florida law provides that when a plaintiff dismisses his claims without prejudice, the defendant is the prevailing party, including for purposes of entitlement to attorneys' fees. *See Thornber v. City of Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990); *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014). It is immaterial to prevailing party status that "there was never an adjudication on the merits," because "'[a] determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party.'" *Shave*, 2008 WL 3200705 at *1 (quoting *Thornber*, 568 So.2d at 919)).

Here, though, there was an adjudication on the merits and a judgment in favor of USHA. The Federal Rules of Civil Procedure provide that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This is referred to as the "two-dismissal rule," and "the primary purpose of the two-dismissal rule is to prevent unreasonable abuse of the plaintiff's unilateral right to dismiss an action." *Sealey v. Branch Banking & Tr. Co.*, 693 F. App'x 830, 834 (11th Cir. 2017) (citing *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999)). The requirements of the two-dismissal rule are satisfied here. Plaintiff voluntarily dismissed both the First and Second Actions, and both were based on and included the same claim (expressly asserted in both lawsuits under the FTSA) and transactions regarding texts allegedly sent to Plaintiff referencing UnitedHealthcare. Thus, "there was a final judgment 'on the merits' because the two-dismissal rule of Rule 41(a)(1)(B) applied." *Sealey*, 693 F. App'x at 834. *See also*, *e.g.*, *Vibe Ener v. Duckenfield*, No. 20-CV-22886-UU, 2020 WL 6373419, at *3 (S.D. Fla. Sept. 29, 2020) ("Plaintiff's second notice of dismissal, therefore, operated as a final adjudication on the merits, and as such, the second element of res judicata is satisfied.").

Pursuant to Fla. Stat. § 501.059(11), USHA is entitled to an award of reasonable attorneys' fees and costs as the "prevailing party, after judgment in the trial court and exhaustion of all appeals," on Plaintiff's claims asserted in this action and then voluntarily dismissed under the two-dismissal rule.

**CONCLUSION**

The Court should issue an Order determining that Defendant USHEALTH Advisors, LLC is entitled to an award of its reasonable attorneys' fees and costs under Fla. Stat. §

501.059(11) and Fed. R. Civ. P. 54(d), with the amount awarded to be determined later,[2] and for such other relief the Court deems just and proper.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel certifies that, in accordance with Local Rules 7.1(a)(3) and 7.3, on October 21, 2022, he conferred by e-mail with Manuel Hiraldo and Jennifer Simil, counsel for Plaintiff, regarding the substance of this Motion. Mr. Hiraldo responded by stating Plaintiff opposes the requested relief and contending this Motion would be frivolous and that Plaintiff would seek sanctions based upon an order from an unrelated case issued by the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida that summarily "denied" that defendant's motion for entry of an order of entitlement to attorneys' fees and costs. In that same order, that court similarly denied the motion for sanctions filed by the plaintiff (also represented by Mr. Hiraldo).

Dated: October 25, 2022

Respectfully submitted,

By: */s/ Roy Taub*
JEFFREY A. BACKMAN
Florida Bar No. 662501
ROY TAUB
Florida Bar No. 116263
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
jessica.serrano-cartagena@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

[2] Pursuant to Fed. R. Civ. P. 54(d)(2)(D) and Local Rule 7.3, USHA will timely serve and file a separate motion to award a specifically requested amount of fees and costs.

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 25, 2022, a true and correct copy of the foregoing document was electronically filed on the Court's CM/ECF system, which forwards a copy to all counsel of record.

By: *<u>/s/ Roy Taub</u>*
ROY TAUB