**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:22-cv-81436-DMM**

STEPHEN MUCCIO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_______________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**REQUEST FOR HEARING**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR AWARD OF ENTITLEMENT TO ATTORNEYS' FEES AND COSTS, AND REQUEST FOR SANCTIONS AGAINST DEFENDANT AND DEFENDANT'S COUNSEL**

Plaintiff Stephen Muccio responds in opposition to Defendant USHealth Advisors, LLC's Motion for Award of Entitlement to Attorneys' Fees and Costs (the "Motion"), [DE 10]. Put simply, Defendant's Motion is frivolous, and the plain language of the Florida Telephone Solicitation Act ("FTSA") shows that Defendant is not entitled to fees. Binding Eleventh Circuit precedent also holds that Defendant is not considered a prevailing party. Accordingly, pursuant to its inherent authority, this Court should sanction Defendant and its counsel for their bad faith conduct and abuse of the judicial process.

## I. INTRODUCTION

This now the second time Defendant's law firm has advanced a frivolous claim for fees under the FTSA. In the first case, Judge Alan Fine of the Complex Division in Miami-Dade rejected an identical claim for fees after the plaintiff in that case voluntarily dismissed the action. *See* Order, attached as **Exhibit A**. During the conferral process in this case, the undersigned brought that ruling to counsel's attention, as well as the holding of *Abbott v. Advantage Travel, LLC*, where Judge Gregory

Presnell rejected the same misinterpretation of the FTSA advanced by Defendant here. *See* No. 6:14-cv-172-Orl-31GJK, 2014 U.S. Dist. LEXIS 196253 (M.D. Fla. May 12, 2014) ("Section 501.059(10)(a)[1] applies to litigation 'resulting from a *transaction* involving a violation of this section'; Section 501.059(10)(e) applies to 'any civil litigation'. Thus, the two different methods of recovering attorneys' fees involve different claims, not different claimants. Where the case arises from a transaction alleged to violate Section 501.059, the prevailing party is always entitled to recover fees. In all other Section 501.059 cases, the prevailing party may be awarded fees where there is no justiciable issue of law or fact, or the other party acted in bad faith.") (emphasis original), attached as **Exhibit B**.

Tellingly, Defendant devotes a single sentence to the issue, *see* Mot. at 4, and spends its entire brief discussing why it is the prevailing party pursuant to the two-dismissal rule. But even on that point Defendant is wrong. While Defendant is correct that a second voluntary dismissal under Rule 41(a)(1)(B) operates as an adjudication on the merits, "in *First Time Videos*, the Eleventh Circuit held that *even* such an adjudication on the merits would not confer on the defendant prevailing-party status because 'the dismissal itself [would] still [be] automatic and not the result of court action.'" *Simon Prop. Grp., L.P. v. Casino Travel*, No. 19-60807-CIV-ALTMAN/Hunt, 2020 U.S. Dist. LEXIS 193952, n. 8 (S.D. Fla. Oct. 19, 2020) (quoting *First Time Videos, LLC v. Oppold*, 559 F. App'x 931 (11th Cir. 2014) (per curiam) (emphasis original)).

Given the repeated frivolous and bad faith conduct of Defendant's counsel, this case presents an unfortunate instance where the Court should exercise its inherent authority and award fees in Plaintiff's favor for having to respond to the Motion. Defendant and its counsel have acted in bad faith by advancing a frivolous claim for fees, and by abusing the judicial process. Plaintiff therefore

---

[1] After the FTSA was amended last year, section 501.059(10) became section 501.059(11), but that section was not amended.

respectfully requests an order denying Defendant's Motion, and awarding Plaintiff her attorney's fees incurred in addressing and responding to Defendant's Motion.[2]

## II. ARGUMENT

The plain language of the FTSA and case law demonstrate that Defendant is not entitled to fees in this case. And if there is any doubt, the recent amendment to the statute shows that the legislature contemplated adding a prevailing plaintiff fee provision for all FTSA cases, and ultimately removed the provision. In other words, the legislative history supports the plain reading of the statute that prevailing party fees are only permitted in cases seeking to invalidate transactions entered into in violation of the FTSA's requirements. This case did not involve any type of transaction between Plaintiff and Defendant, it involved a separate subsection of the statute for unsolicited calls. But even if there is any question on the issue, Defendant's Motion nevertheless fails because it did not prevail on anything in this case. Plaintiff voluntarily dismissed the case without prejudice before any hearing or ruling by the Court.

The frivolous nature of Defendant's Motion thus establishes that it was filed in bad faith by Defendant and its counsel. This Court should therefore exercise its inherent authority and award Plaintiff her fees incurred in addressing and responding to the Motion.

### A. <u>Defendant is not Entitled to Fees Under the Statute</u>.

Prevailing fees and costs are only available under the FTSA in cases involving a transaction entered into as a result of conduct violating the statute:

> (11)(a) In any **<u>civil litigation resulting from a transaction involving a violation of this section</u>**, the prevailing party, after

[2] Defendant's false accusations of "harassing and abusive conduct[]", Mot. at 2, n.1, warrant little discussion. For one, Plaintiff is within his rights under the Federal Rules of Civil Procedure to voluntarily dismiss his claims. Secondly, it is unclear why Defendant believes it is being harassed by a separate lawsuit that does not involve it.

> judgment in the trial court and exhaustion of all appeals, if any, shall receive his or her reasonable attorney's fees and costs from the nonprevailing party.
>
> (b) The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.
>
> (c) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.
>
> (d) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows.

Fla. Stat. § 501.059(11) (emphasis supplied).

As observed by Judge Presnell in *Abbot*, the FTSA "regulates not only telephone solicitations, but transactions resulting from such solicitations." 2014 U.S. Dist. LEXIS 196253, at *5-6. "Although not a defined term, it is clear from a review of the statute that 'transaction' in this context is intended to mean an exchange of money for goods or services, rather than a mere interaction -- such as an unsolicited phone call." *Id*. at *6. "Where the case arises from a transaction alleged to violate Section 501.059, the prevailing party is always entitled to recover fees. In all other Section 501.059 cases, the prevailing party may be awarded fees where there is no justiciable issue of law or fact, or the other party acted in bad faith." *Id*. at *6.

The subsection of the FTSA that governs transactions provides:

> (6)(a) A contract made pursuant to a telephonic sales call is not valid and enforceable against a consumer unless made in compliance with this subsection.
>
> (b) A contract made pursuant to a telephone salves call:
>
> 1. Shall be reduced to writing and signed by the consumer.
>
> 2. Shall comply with all other applicable laws and rules.

> 3. Shall match the description of goods or services as principally used in the telephone solicitations.
>
> 4. Shall contain the name, address, and telephone number of the seller, the total price of the contract, and a detailed description of the goods or services being sold.
>
> 5. Shall contain, in bold, conspicuous type, immediately preceding the signature, the following statement: "You are not obligated to pay any money unless you sign this contract and return it to the seller."
>
> 6. May not exclude from its terms any oral or written representations made by the telephone solicitor to the consumer in connection with the transaction.

Fla. Stat. § 501.059(6).

This case does **not** involve a transaction that is alleged to have violated subsection 501.059(6). Instead, the lawsuit was filed under subsection 501.059(8) which provides in pertinent part that it is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

In addition to the plain text of the statute, the unavailability of attorneys' fees and costs to Defendant is supported by legislative history. Specifically, in the first draft of the amendment to the statute submitted on March 25, 2021, it was proposed that subsection 501.059(11) be expanded to all cases involving violations of the statute (not just cases involving transactions), and for prevailing plaintiffs to recover their fees in any such action:

(11)(a) If a plaintiff prevails in any civil litigation resulting from a ~~transaction involving a~~ violation of this section, ~~the prevailing party,~~ after judgment in the trial court and exhaustion of all appeals, if any, the plaintiff shall receive his or her reasonable attorney ~~attorney's~~ fees and costs from the defendant ~~nonprevailing party~~.

(b) The attorney for the prevailing plaintiff ~~party~~ shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.

(c) The trial judge shall award the prevailing plaintiff ~~party~~ the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.

(d) Any award of attorney ~~attorney's~~ fees or costs shall become a part of the judgment and subject to execution as the law allows.

(e) In any civil litigation initiated by the department or the Department of Legal Affairs, the court may award to the prevailing party reasonable attorney ~~attorney's~~ fees and costs if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or if the court finds bad faith on the part of the losing party.[3]

The final version of the statute, as amended, did not contain the proposed prevailing party fee provision, further demonstrating that the legislature did not intend to permit prevailing fees except in cases involving transactions in violation of the statute. In other words, the interpretation of the statute that Defendant advances was contemplated and rejected by the legislature when it recently amended the statute.

In its Motion, Defendant vaguely identifies "Fla. Stat. § 501.059(11)", Mot. at 4, as the section that entitles it to fees. In the prior action before Judge Fine, Defendant's law firm initially argued that section 501.059(11)(a) entitled it to fees. But after being provided a copy of the *Abbott* case, Defendant's firm changed course and argued that 501.059(11)(c) is a standalone fee

[3] https://legiscan.com/FL/amendment/S1120/id/98078, attached as **Exhibit C**.

provision. But paragraph (c) is not a standalone fee provision, it is part of subsection 501.059(11), which sets out the procedure for awarding prevailing party fees and costs in a case involving a transaction violating subsection 501.059(6). Specifically, subsection 501.059(11) requires: (a) the entry of a judgment and exhaustion of all appeals; (b) the submission of a sworn affidavit of time spent by counsel and costs incurred; (c) the trial court to award a reasonable legal fee for time actually spent on a case as sworn to in an affidavit; and (d) the trial court to enter a judgment for fees and costs. *See* Fla. Stat. § 501.059(11).

At an even more basic level, Defendant's anticipated "standalone" argument ignores the hierarchical numbering system outlined in the preface to the Florida Statutes: "Chapters are identified by whole Arabic numbers; sections, by numbers containing a decimal point; subsections, by whole Arabic numbers enclosed by parentheses; paragraphs, by lowercase letters enclosed by parentheses…" Preface at vii, Fla. Stat. (2021); *see also Golf Channel v. Jenkins,* 752 So. 2d 561, 565 n.3 (Fla. 2000); *Keller v. Newman Sons, Inc.,* 756 So. 2d 120, 122 n.2 (Fla. 3d DCA 2000). Here, paragraph (c) is not a "standalone" provision, it is part of subsection 501.059(11).

Moreover, paragraph (c) is not a standalone fee provision because it sets out that a prevailing party is only entitled to fees "for the hours actually spent on the case as sworn to in [the] affidavit" required pursuant to paragraph (b) of subsection 501.059. Paragraph (c) therefore sets out limitations on the fees a prevailing party may recover by providing that a fee multiplier is not available. *See Stewart Select Cars v. Moore*, 619 So. 2d 1037, 1038 (Fla. 4th DCA 1993) ("We agree because the primary statute relied upon herein for recovery of attorney's fees is section 501.2105, Florida Statutes (1989) which provides a reasonable attorney fee for the prevailing party '**<u>for the hours actually spent on the case</u>**.' Under these circumstances the *Rowe* contingency risk multiplier is inappropriate.") (emphasis supplied); *Corvette Shop & Supplies v. Coggins*, 779 So. 2d 529, 531 (Fla. 2d DCA 2000) ("In *Stewart*,

the Fourth District held that the application of the contingency risk multiplier is inappropriate where 'the primary statute relied upon . . . for recovery of attorney's fees is section 501.2105, Florida Statutes (1989) which provides a reasonable attorney fee for the prevailing party '**for the hours actually spent on the case**.'") (emphasis supplied); *Sanchez v. AN Luxury Imps. of Pembroke Pines, Inc.*, 216 So. 3d 723 (Fla. 4th DCA 2017) ("The trial court was therefore correct to not consider a multiplier for the fee award entered against either Safeco or ANL…").

Indeed, as demonstrated by the following chart, paragraph (c) of the FTSA tracks paragraph (3) of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), which the above cases have held is not a standalone provision but instead provides that a multiplier is not permitted when awarding fees:

| FTSA<br>501.059(11) | FDUTPA<br>501.2105 |
|---|---|
| (a) In any civil litigation resulting from a transaction involving a violation of this section, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his or her reasonable attorney's fees and costs from the nonprevailing party. | (1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party. |
| (b) The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case. | (2) The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case. |
| (c) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit. | (3) The trial judge may award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit. |
| (d) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows. | (4) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows. |
| (e) In any civil litigation initiated by the department or the Department of Legal Affairs, the court may award to the prevailing party reasonable attorney's fees and costs if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or if the court finds bad faith on the part of the losing party. | (5) In any civil litigation initiated by the enforcing authority, the court may award to the prevailing party reasonable attorney's fees and costs if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or if the court finds bad faith on the part of the losing party. |

In sum, Defendant's claim for fees is frivolous as it finds no support in the plain language of the statute, case law, rules of statutory construction, or legislative history. But even if this Court were inclined to give any weight to Defendant's position, it should nevertheless deny Defendant's Motion as Defendant is not a prevailing party.

**B. <u>Defendant is not the Prevailing Party</u>.**

<u>First</u>, Defendant misunderstands the two-dismissal rule as demonstrated by the fact that the cases on which it relies discuss the effect of a second dismissal in the context of res judicata, not the issue of prevailing party status. *See* Mot. at 4 (citing *Sealey v. Branch Banking & Tr. Co.*, 693 F. App'x 830, 834 (11th Cir. 2017) ("The district court found that Sealey's lawsuit was barred by the doctrine of claim preclusion and the 'two dismissal rule' of Rule 41(a)(1)(B), Fed. R. Civ. P., because Sealey twice had voluntarily dismissed the same claims against defendants in privity with BB&T."); *Vibe Ener v. Duckenfield*, No. 20-CV-22886-UU, 2020 WL 6373419, at *3 (S.D. Fla. Sept. 29, 2020) ("Plaintiff's second notice of dismissal, therefore, operated as a final adjudication on the merits, and as such, the second element of res judicata is satisfied.")).

While Defendant is correct that a second voluntary dismissal under Rule 41(a)(1)(B) operates as an adjudication on the merits, "in *First Time Videos*, the Eleventh Circuit held that *even* such an adjudication on the merits would not confer on the defendant prevailing-party status because 'the dismissal itself [would] still [be] automatic and not the result of court action.'" *Simon Prop. Grp., L.P. v. Casino Travel*, No. 19-60807-CIV-ALTMAN/Hunt, 2020 U.S. Dist. LEXIS 193952, n. 8 (S.D. Fla. Oct. 19, 2020) (quoting *First Time Videos, LLC v. Oppold*, 559 F. App'x 931 (11th Cir. 2014) (per curiam) (emphasis original)). In other words, "such a voluntary dismissal would not constitute *court-awarded* relief on the merits." *Id.*; *see also First Time Videos, LLC v. Oppold*, No. 6:12-cv-1493-Orl-36KRS, 2013 U.S. Dist. LEXIS 192290, at *15 (M.D. Fla. Sep. 16, 2013) ("Therefore, the Court agrees

with the Magistrate Judge that the operation of the two dismissal rule under Rule 41(a)(1) does not render Defendant Oppold a 'prevailing party' under the Copyright Act, 17 U.S.C. § 505. Thus, Defendant's claim for attorney's fees under that provision must necessarily fail."); *SFR Servs. v. First Protective Ins. Co.*, No. 6:22-cv-1058-WWB-DAB, 2022 U.S. Dist. LEXIS 194251, at *7 (M.D. Fla. Oct. 25, 2022) ("In any event, Defendant is not a 'prevailing party.'") (citing *First Time Videos*, 559 F. App'x at 932). Accordingly, under binding precedent, Defendant is not considered the prevailing party irrespective of whether there has been an adjudication on the merits. The two-dismissal rule simply precludes Plaintiff from filing another action against Defendant.

Second, Defendant is mistaken that Florida law and the cases interpreting Florida Rule of Civil Procedure 1.420 apply to the analysis. *See* Mot. at 3. "[B]ecause Rule 41 is undoubtedly procedural, it controls in this case." *Corradi v. Old United Cas. Co.*, 675 F. App'x 296 (4th Cir. 2017) ("A rule that allows for voluntary dismissal if certain conditions are met alters the manner and means of enforcing the litigant's rights, while leaving the rules of decision for adjudicating those rights unchanged. Therefore, the district court correctly applied Rule 41 to Corradi's motion to voluntarily dismiss."); *see also Emergency Recovery v. Hufnagle*, No. 8:19-cv-329-SCB-JSS, 2021 U.S. Dist. LEXIS 250295, at *13 (M.D. Fla. Nov. 1, 2021) ("In their response to Plaintiffs' Motion, Defendants also argue that they are entitled to attorneys' fees based on Florida state law addressing the voluntary dismissal of cases….Here, however, Plaintiffs moved for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), which is the governing procedural rule in this diversity action and does not provide for an award of attorneys' fees.") (citing *Corradi*, 675 F. App'x 296, 299 (4th Cir. 2017) (holding that Federal Rule of Civil Procedure 41 is 'undoubtedly procedural' and controls over an analogous state law provision); *Erie R.R.Co. v. Tompkins*, 304 U.S. 64, 78-9, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

In other words, "Florida law is inapplicable." *Emergency Recovery*, 2021 U.S. Dist. LEXIS 250295, at *13; *see also SFR Servs. v. First Protective Ins. Co.*, No. 6:22-cv-1058-WWB-DAB, 2022 U.S. Dist. LEXIS 194251, at *6 (M.D. Fla. Oct. 25, 2022) ("Defendant also argues that it is entitled to an award of attorney's fees and costs under Fla. Stat. § 627.7152 (Doc. No. 11 at 4; Doc. No. 14 at 4-5), but Florida law is inapplicable here because Rule 41 as the governing procedural rule in this diversity action does not provide for an award of attorney's fees.") (citing *Emergency Recovery*, 2021 WL 6425514, at *4; *Corradi*, 675 F. App'x at 299).

Third, even under Florida law, Defendant is not the prevailing party. The standard under Florida law for a prevailing party was set forth by the Florida Supreme Court in *Mortiz v. Hoyt Enters., Inc.*, 604 So. 2d 807 (Fla. 1992): whether the party prevailed on the significant issues tried before the Court. *See also Wayne Paint Co. v. Gulfview Apartments of Marco Island*, 739 So. 2d 1259, 1260 (Fla. 2d DCA 1999); *Padow v. Knollwood Club Ass'n, Inc.,* 839 So. 2d 744 (Fla. 4th DCA 2003), *rehearing denied* (the test for determining the "prevailing party" under a statute governing the award of costs in condominium related actions is whether the party succeeded on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit); *Martin v. Key Largo Kampground, Inc.*, 501 So. 2d 648 (Fla. 3d DCA 1986). Defendant violated the FTSA by sending unsolicited telemarketing calls to Plaintiff's cellular telephone. The merits of Plaintiff's claim, however, were never reached because the case was voluntarily dismissed without prejudice, and neither party prevailed on the merits. The underlying dispute between these parties – that Defendant sent Plaintiff messages without prior express written consent utilizing an auto dialer – is yet to be decided.

In fact, "[t]he term 'prevailing party' has been defined as:

> The party ultimately prevailing when the matter is finally set at rest . . . To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding,

> the party who has made a claim against the other, has successfully maintained it.

*Simmons v. Schimmel,* 476 So. 2d 1342, 1344 (Fla. 3d DCA 1985) (quoting Black's Law Dictionary 1069 (5th ed. 1979)). "Thus, the plain and ordinary meaning of 'prevailing party' requires that there be some end or finality to the litigation on the merits." *Simmons v. Schimmel,* 476 So. 2d 1342, 1344 (Fla. 3d DCA 1985).

In this case, this Court did not reach the merits of whether Defendant violated the FTSA. Accordingly, Defendant did not prevail on any significant issues in the litigation and is not entitled to fees. *See O.A.G. Corp. v. Britamco Underwriters, Inc.*, 707 So. 2d 785,787 (Fla. 3d DCA 1998) (without prejudice dismissal was not an adjudication on the merits, and thus there was no prevailing party for purposes of the fee award under the statute); *Aero Toy Store, Inc v. Sherwin Williams Co.*, 725 So. 2d 1267 (Fla. 4th DCA 1999).

Defendant relies on *Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990), for the general rule that when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. However, even the *Thornber* court held that "[t]here must be some end to the litigation **on the merits** so that the court can determine whether the party requesting fees has prevailed," and noted that the plaintiff had dismissed the defendants "**with prejudice**, thus signaling an end to the litigation." *Id.* (emphases added). Here, the case was dismissed without prejudice and there was no adjudication on the merits.

Moreover, since *Thornber*, the Florida Supreme Court has clarified that "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enters.,* 604 So. 2d 807, 810 (Fla. 1992). Florida courts "look behind a voluntary dismissal at the facts of the litigation to determine if a party has prevailed." *Residents for a Better Cmty. v. WCI Communities, Inc.,* 291 So. 3d 632, 634 (Fla. 2d DCA 2020); *see also Radosevich*

*v. Bank of New York Mellon*, 245 So. 3d 877, 881 (Fla. 3d DCA 2018); *Blue Infiniti, LLC v. Wilson,* 170 So. 3d 136, 138-39 (Fla. 4th DCA 2015); *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1041 (Fla. 2d DCA 2013). Stated differently, Florida courts "look to the substance of litigation outcomes -- not just procedural maneuvers -- in determining the issue of which party has prevailed in an action." *Residents for a Better Cmty.*, 291 So. 3d at 634.

Defendant's reliance on these voluntary dismissal cases also ignores the plain language of paragraph (a) of subsection 501.059(11), which dictates that prevailing party status is only conferred "after judgment in the trial court and exhaustion of all appeals." Here, no judgment was entered in Defendant's favor. Similarly, in *O.A.G. Corp.*, the court held that after a voluntary dismissal by an insurance company in a declaratory judgment action, the insured could not obtain an attorney's fee award under a statute that provided for fees "upon the rendition of a judgment or decree by any of the courts of this state." *O.A.G.*, 707 So. 2d at 786; § 627.428(1), Fla. Stat. (1997). The court concluded that since there was a voluntary dismissal without prejudice, there was neither a judgment in favor of the insured nor the functional equivalent. *See O.A.G.*, 707 So. 2d at 787. Because of the similarity of the statutory language in this case and the operative statutory language in *O.A.G.*, entitlement to attorney's fees should be similarly denied.

In all, Defendant is not considered a prevailing party because it did not prevail on anything. The case was voluntarily dismissed without prejudice before any substantive rulings by this Court. Moreover, the provision of the statute under which Defendant seeks to recover fees does not afford Defendant the relief it seeks because Defendant never secured a judgment. Having established that Defendant's Motion is frivolous, this Court should next consider whether to sanction Defendant and its counsel under the Court's inherent authority.

### C. <u>This Court Should Sanction Defendant and its Counsel</u>.

As explained by the United States Supreme Court, the "power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes." *Moakley v. Smallwood*, 826 So. 2d 221, 226 (Fla. 2002) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

A court's inherent power to sanction litigants and their attorneys for bad faith conduct has been recognized by courts across the country. *Moakley*, 826 So. 2d at 225-26 (citing *Eberly v. Eberly*, 489 A.2d 433, 449 (Del. Super. Ct. 1985) (holding that trial court had inherent authority to assess attorneys' fees against attorney who "unreasonably and vexatiously prolonged the proceedings below and increased the cost of representation to both parties"); *Charles v. Charles*, 505 A.2d 462, 467 (D.C. 1986) (holding that trial court has inherent authority to impose attorneys' fees against attorney who repeatedly failed to obey court orders to file an answer or affidavit in lieu thereof); *Lester v. Rapp*, 85 Haw. 238, 942 P.2d 502, 505-06 (Haw. 1997) (remanding case to trial court to determine whether counsel's misrepresentation of facts to the court constituted bad faith and whether his conduct resulted in the unnecessary incurrence of attorneys' fees); *State v. Grant*, 487 A.2d 627, 629 (Me. 1985) (holding that trial court had inherent authority to compel attorney who improperly took money from client to return money to client); *Battryn v. Indian Oil Co.*, 472 A.2d 937, 941-42 (Me. 1984) (holding that trial court had inherent authority to impose sanctions against attorney for discovery abuses); *Winters v. City of Oklahoma City*, 740 P.2d 724, 727 (Okla. 1987) (holding that the intentional filing and prosecution of a claim under Oklahoma law that lacked any plausible factual or legal basis constituted a bad faith action and justified the award of sanctions against the attorney); *Coburn v. Domanosky*, 390 A.2d 1335, 1338 (Pa. Super. Ct. 1978); *Van Eps v. Johnston*, 150 Vt. 324, 553 A.2d 1089, 1091 (Vt. 1988) (holding

that trial court have inherent authority to impose sanctions against attorneys for "bad faith," which encompasses both the filing and the conduct of litigation and includes "abuse of the judicial process"); *Daily Gazette Co. v. Canady*, 175 W. Va. 249, 332 S.E.2d 262, 266 (W. Va. 1985) (holding that trial court has inherent authority to "order payment by an attorney to a prevailing party reasonable attorneys fees and costs incurred as the result of his or her vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law"); Alan Stephens, Annotation, *Attorney's Liability Under State Law for Opposing Party's Counsel Fees*, 56 A.L.R. 4th 486 (1987)).

Defendant's Motion is frivolous for the reasons outlined above. The undersigned attempted to resolve the issue by providing case law and Judge Fine's Order to Defendant's counsel. Notwithstanding, Defendant and its counsel persisted and filed the instant Motion, which has resulted and will result in wasting this Court's resources, as well as Plaintiff incurring fees in responding to the Motion. Under these circumstances, Plaintiff respectfully submits that this Court should sanction Defendant and its counsel for abusing the judicial process.

## III. CONCLUSION

This Court should, respectfully, apply the statute as written and intended by the legislature, and deny Defendant's Motion. This Court should also award Plaintiff her fees incurred in having to respond to Defendant's bad faith request for fees and costs.

**WHEREFORE**, Plaintiff, respectfully requests an Order (1) denying Defendant's Motion; (2) awarding Plaintiff her fees and costs; and (3) granting such other and further relief deemed appropriate under the circumstances.

## CERTIFICATE OF CONFERRAL

The undersigned certifies that on October 21, 2022, he conferred with counsel for Defendant with respect to Plaintiff's request for sanctions, and that counsel were unable to agree on a resolution of that motion.

## REQUEST FOR HEARING

Plaintiff respectfully submits that this Court would benefit from oral argument on the issues raised by Defendant's Motion. Plaintiff estimates that the time required will be 30 minutes.

DATED: October 28, 2022

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*

Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713