No *Shepard's* Signal™
As of: October 27, 2022 5:32 PM Z

# Abbott v. Advantage Travel, LC

United States District Court for the Middle District of Florida, Orlando Division

May 12, 2014, Decided; May 12, 2014, Filed

Case No: 6:14-cv-172-Orl-31GJK

**Reporter**
2014 U.S. Dist. LEXIS 196253 *

SETH ABBOTT, Plaintiff, v. ADVANTAGE TRAVEL, LC, Defendant.

## Core Terms

Consumer, telephone, telephone solicitation, costs, prevailing party, legislative intent, civil litigation, attorney's fees, violations, recovery of attorney's fees, reasonable attorney's fees, private right of action, injunctive relief, justiciable issue, recover damages, right of action, civil penalty, private party, private right, losing party, bring suit, bad faith, state law, unsolicited, provisions, recovering, entities, offers, cases

**Counsel: [*1]** For Seth Abbott, Plaintiff: Amanda J. Allen, LEAD ATTORNEY, The Consumer Protection Firm, PLLC, Tampa, FL; David P. Mitchell, Maney & Gordon, PA, Tampa, FL.

For Advantage Travel, LC, Defendant: Ralph Hamilton Schofield, LEAD ATTORNEY, Clark, Campbell, Lancaster & Munson, PA, Lakeland, FL.

**Judges:** GREGORY A. PRESNELL, UNITED STATES DISTRICT JUDGE.

**Opinion by:** GREGORY A. PRESNELL

## Opinion

### ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss Count II (Doc. 12) filed by the Defendant, Advantage Travel, LC ("Advantage Travel"), and the response in opposition filed by the Plaintiff, Seth Abbott ("Abbott").

On February 3, 2014, Abbott filed a two-count complaint against Advantage Travel, seeking to recover damages under the Telephone Consumer Protection Act of 1991 (the "TCPA"), *47 U.S.C. § 227, et seq.*, and attorneys' fees under a state law governing telephone solicitation, *Fla. Stat. § 501.059* for. Abbot alleged that he received dozens of unsolicited calls from the Defendant over a one-month period, advertising vacation-and travel-related services. The Defendant seeks dismissal of Count II on the grounds that *Fla. Stat. § 501.059* does not provide a private right of action.

Under Florida law, the issue of whether a statutory cause of action should be judicially **[*2]** implied is a question of legislative intent. *Horowitz v. Plantation Gen. Hosp. Ltd. P'ship, 959 So. 2d 176, 182 (Fla. 2007)*. "Legislative intent," in this regard, is a shorthand reference to the ordinary tools for discerning statutory meaning: text, context, and purpose. *Id.* The primary guide to analyzing whether the Legislature intended to impose civil liability is, as in all cases of statutory construction, the actual language used in the statute. *Id.*

*Section 501.059* obligates telephone solicitors to behave in certain ways[1] and makes it unlawful for them to act in certain others.[2] The only entities explicitly

---

[1] For example, *Section 501.059(2)* provides that

> Any telephone solicitor who makes an unsolicited telephonic sales call to a residential, mobile, or telephonic paging device telephone number shall identify himself or herself by his or her true first and last names and the business on whose behalf he or she is soliciting immediately upon making contact by telephone with the person who is the object of the telephone solicitation.

[2] As an example, *Section 501.059(8)(d)* provides:

> It shall be unlawful for any person who makes a telephonic sales call or causes a telephonic sales call to be made to intentionally alter the voice of the caller in an attempt to disguise or conceal the identity of the caller in order to defraud, confuse, or financially or otherwise injure the recipient of a telephonic sales call or in order to

Page 2 of 3


provided with a right of action under Section 501.059 are the Florida Department of Agriculture and Consumer Services and the Florida Department of Legal Affairs. Fla. Stat. § 501.059(9)(a). More particularly, Section 501.059(9)(a) provides that the Department of Agriculture and Consumer Services shall investigate complaints of violations and if any are found, either that Department or the Department of Legal Affairs "may bring an action to impose a civil penalty and to seek other relief, including injunctive relief ... against the telephone solicitor." Fla. Stat. § 501.059(9)(a). The civil penalty in any such an action "may not exceed $10,000 per violation" and any such penalty must be deposited in certain specified state trust funds. **[*3]** Fla. Stat. § 501.059(9)(a).

Abbott argues that the telephone solicitations at issue in Count I — the TCPA — also constitute violations of Fla. Stat. § 501.059, and that "the Florida legislature intended to permit a private right of recovery of attorney's fees and costs for violations of its provisions when brought pursuant to its federal counterpart which provides the private right of action **[*4]** for improper telephone solicitation activity, the TCPA." (Doc. 18 at 6). In support of his argument that the Legislature intended to permit a private right of recovery under this statute, Abbott notes that Section 501.059(10) provides two separate provisions for recovery of attorney's fees:

> (a) In **any civil litigation** resulting from a transaction involving a violation of this section, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his or her reasonable attorney's fees and costs from the nonprevailing party.
>
> ...
>
> (e) In **any civil litigation initiated by [the Department of Agriculture and Consumer Services] or the Department of Legal Affairs**, the court may award to the prevailing party reasonable attorney's fees and costs if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or if the court finds bad faith on the part of the losing party.

Fla. Stat. § 501.059(10) (emphasis added). Abbott reads these two subsections as providing two different methods of recovering attorney's fees for two different types of telephone solicitation suits: those brought by the two named departments (Section 501.059(10)(e)) and those brought by **[*5]** everyone else (Section 501.059(10)(a)). (Doc. 18 at 7). As such, Abbott reasons, the Florida legislature intended that consumers, as well as the named departments, should have a right of action under Section 501.059.

Abbott offers no case law in support of this interpretation of Fla. Stat. §501.059.[3] While tacitly conceding that the statute provides no opportunity for private parties to obtain anything other than costs and fees, Abbott offers no explanation as to why the Florida Legislature would empower outraged consumers to sue pesky telephone solicitors but deny them the ability to recover damages or even obtain injunctive relief. Abbott suggests that — at least in part -- the legislature's intent in enacting Section 501.059 was to allow Floridians to recover fees and costs when bringing suit under the TCPA, but there is no requirement in the state law that private parties pursue any other claim while proceeding under Fla. Stat. § 501.059.

More importantly, it should be noted that Section 501.059 regulates not only telephone solicitations, but transactions resulting from such solicitations. (Among numerous other examples, Section 501.059(6)(b)(6) provides that a contract made pursuant to a telephone sales call must be reduced to writing and signed by the consumer and "[m]ay not exclude from its terms any oral or written **[*6]** representations made by the telephone solicitor to the consumer in connection with the transaction."[4]) Although not a defined term, it is clear

obtain personal information from the recipient of a telephonic sales call which may be used in a fraudulent or unlawful manner.

[3] To be fair, although Section 501.059 has been on the books in one form or another since 1987, there are very few reported decisions construing any facet of it, and the Court's research did not uncover any addressing the private-right-of-action issue.

[4] Similarly, Section 501.059(7)(c) reads as follows:

> The provisions of this subsection do not apply to a transaction:
>
> 1. Made in accordance with prior negotiations in the course of a visit by the consumer to a merchant operating a retail business establishment which has a fixed permanent location and where consumer goods are displayed or offered for sale on a continuing basis;
>
> 2. In which the consumer may obtain a full refund for the return of undamaged and unused goods or a cancellation of services notice to the seller within 7 days after receipt by the consumer, and the seller will process the refund

Page 3 of 3


from a review of the statute that "transaction" in this context is intended to mean an exchange of money for goods or services, rather than a mere interaction -- such as an unsolicited phone call.

Section 501.059(10)(a) applies to litigation "resulting from a *transaction* involving a violation of this section"; Section 501.059(10)(e) applies to "any civil litigation". Thus, the two different methods of recovering attorneys' fees involve different claims, not different claimants. Where the case arises from a transaction alleged to violate Section 501.059, the prevailing party is always entitled to recover fees. In all other Section 501.059 cases, the prevailing party may be awarded fees where there is no justiciable issue of law or fact, or the the other party acted in bad faith.

The Court concludes that the Florida Legislature did not intend to permit entities other than the Florida Department of Agriculture and Consumer Services and the Florida Department of Legal Affairs to bring suit pursuant to *Fla. Stat. § 501.059*. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Count II (Doc. 12) is **GRANTED**, and Count II is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 12, 2014.

/s/ Gregory A. Presnell **[*8]**

**GREGORY A. PRESNELL**

**UNITED STATES DISTRICT JUDGE**

---

within 30 days after receipt of the returned merchandise by the consumer;

3. In which the consumer purchases goods or services pursuant to an examination of a television, radio, or print advertisement or a sample, brochure, or catalog of the merchant that contains:

a. The name, address, and telephone number **[*7]** of the merchant;

b. A description of the goods or services being sold; and

c. Any limitations or restrictions that apply to the offer; or

4. In which the merchant is a bona fide charitable organization or a newspaper as defined in chapter 50.

*Fla. Stat. § 501.059(7)(c)*.

End of Document