# Bill Amendment: FL S1120 | 2021 | Regular Session
# Florida Senate Bill 1120 ***(Prior Session Legislation)***

**NOTE:** For additional amemendments please see the Bill Drafting List

**Bill Title:** Telephone Solicitation

**Status:** 2021-07-06 - Chapter No. 2021-185 [S1120 Detail]

**Download:** Florida-2021-S1120-Senate_Committee_Amendment_456696.html

Florida Senate - 2021 COMMITTEE AMENDMENT
Bill No. SB 1120

Ì456696^Î456696

LEGISLATIVE ACTION

| Senate | . | House |
|---|---|---|
| | . | |
| | . | |
| | . | |
| | . | |
| | . | |

The Committee on Regulated Industries (Gruters) recommended the following:

**Senate Amendment (with title amendment)**

Before line 24 insert:

Section 1. Present paragraphs (a) through (e) and (f) through (i) of subsection (1) of section 501.059, Florida Statutes, are redesignated as paragraphs (b) through (f) and (i) through (l), respectively, new paragraphs (a), (g), and (h) are added to that subsection, and subsections (8) and (10) and present subsections (11) and (12) are amended, to read:

501.059 Telephone solicitation.—

(1) As used in this section, the term:

(a) "Called party" means a person who is the regular user of the telephone number that receives a telephonic sales call.

(g) "Prior express written consent" means a written agreement that:

1. Bears the signature of the called party;

2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a

prerecorded voicemail;

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

(h) "Signature" includes an electronic or digital signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law.

(8)(a) A ~~No~~ person may not ~~shall~~ make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party.

(b) ~~Nothing herein prohibits the use of an automated telephone dialing system with live messages if the calls are made or messages given solely in response to calls initiated by the persons to whom the automatic calls or live messages are directed or if the telephone numbers selected for automatic dialing have been screened to exclude any telephone subscriber who is included on the department's then current "no sales solicitation calls" listing or any unlisted telephone number, or if the calls made concern goods or services that have been previously ordered or purchased.~~

~~(c)~~ It shall be unlawful for any person who makes a telephonic sales call or causes a telephonic sales call to be made to fail to transmit or cause not to be transmitted the originating telephone number and, when made available by the telephone solicitor's carrier, the name of the telephone solicitor to any caller identification service in use by a recipient of a telephonic sales call. However, it is ~~shall~~ not ~~be~~ a violation to substitute, for the name and telephone number used in or billed for making the call, the name of the seller on behalf of which a telephonic sales call is placed and the seller's customer service telephone number, which is answered during regular business hours. If a telephone number is made available through a caller identification service as a result of a telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a telephonic sales call was placed. For purposes of this section, the term "caller identification service" means a service that allows a telephone subscriber to have the telephone number and, where available, the name of the calling party transmitted contemporaneously with the telephone call and displayed on a device in or connected to the subscriber's telephone.

(c) ~~(d)~~ It shall be unlawful for any person who makes a telephonic sales call or causes a telephonic sales call to be made to intentionally alter the voice of the caller in an attempt to disguise or conceal the identity of the caller in order to defraud, confuse, or financially or otherwise injure the recipient of a telephonic sales call or in order to obtain personal information from the recipient of a telephonic sales call which may be used in a fraudulent or unlawful manner.

(d) There is a rebuttable presumption that a telephonic sales call made to any area code in this state is made to a

Florida resident or to a person in this state at the time of the call.

(10)(a) A called party who is aggrieved by a violation of this section may bring an action to:

1. Enjoin such violation.

2. Recover actual damages or $500, whichever is greater.

(b) If the court finds that the defendant willfully or knowingly violated this section or rules adopted pursuant to this section, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a).

(11)(a) If a plaintiff prevails in any civil litigation resulting from a ~~transaction involving a~~ violation of this section, ~~the prevailing party,~~ after judgment in the trial court and exhaustion of all appeals, if any, the plaintiff shall receive his or her reasonable attorney ~~attorney's~~ fees and costs from the defendant ~~nonprevailing party~~.

(b) The attorney for the prevailing plaintiff ~~party~~ shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.

(c) The trial judge shall award the prevailing plaintiff ~~party~~ the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.

(d) Any award of attorney ~~attorney's~~ fees or costs shall become a part of the judgment and subject to execution as the law allows.

(e) In any civil litigation initiated by the department or the Department of Legal Affairs, the court may award to the prevailing party reasonable attorney ~~attorney's~~ fees and costs if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or if the court finds bad faith on the part of the losing party.

(12) ~~(11)~~ Telecommunications companies shall inform their customers of the provisions of this section. The notification may be made by:

(a) Annual inserts in the billing statements mailed to customers; and

(b) Conspicuous publication of the notice in the consumer information pages of the local telephone directories.

(13) ~~(12)~~ The department may adopt rules to implement this section.

================= T I T L E A M E N D M E N T ================

And the title is amended as follows:

Delete line 2

and insert:

An act relating to telephone solicitation; amending s. 501.059, F.S.; defining terms; prohibiting certain telephonic sales calls without the prior express written consent of the called party; removing provisions authorizing the use of certain automated telephone dialing systems; providing a rebuttable presumption for certain calls made to any area code in this state; providing a cause of action for aggrieved called parties; authorizing a court to increase an award for willful and knowing violations; revising awards of attorney fees and costs for violations to authorize only a prevailing plaintiff to receive such an award;