**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:22-cv-81436-DMM**

STEPHEN MUCCIO, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.

_______________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR BILL OF COSTS AND MOTION FOR AMOUNT OF ATTORNEY'S FEES**

Plaintiff Stephen Muccio responds in opposition to Defendant USHealth Advisors, LLC's Motion for Bill of Costs, [DE 14], and Motion for Determination of Amount of Attorneys' Fees, [DE 15], and states:

## I. INTRODUCTION

As outlined in Plaintiff's opposition to Defendant's motion regarding entitlement to fees and costs, Defendant is not entitled to any amount of fees or costs because the FTSA does not provide for prevailing party fees or costs. *See Abbott v. Advantage Travel, LLC*, No. 6:14-cv-172-Orl-31GJK, 2014 U.S. Dist. LEXIS 196253 (M.D. Fla. May 12, 2014). Indeed, even under Defendant's own flawed interpretation of the statute this case does not involve a "transaction" because "a transaction is a two-way action, i.e., an exchange or transfer of funds involving two parties or things[.]" *Raymond James Fin., Inc. v. Fed. Ins. Co.*, No. 20-21707-CIV-MARTINEZ/BECERRA, 2022 U.S. Dist. LEXIS 185141, at *21 (S.D. Fla. July 21, 2022) (citing *Transaction, Black's Law Dictionary* (11th ed. 2019); *Transaction*, Merriam-Webster.com Dictionary, Merriam Webster, https://www.merriam-

webstercom/dictionary/transaction) (Martinez, J.). Here, Defendant sent one-way text messages to Plaintiff, and no transaction ever occurred.

Defendant ignores the law and plain language of the statute, and blindly pushes on with its frivolous claim for fees and costs. As outlined below, even if this Court concludes that Defendant is entitled to recover fees and costs, it should reduce the requested fees as the fees sought are supported by inadequate billing and/or reflect poor billing judgment by Defendant's counsel.

## II. ARGUMENT

"Under the lodestar method, a district court may reduce an attorney's fee award '[w]here the documentation of hours in inadequate.'" *Gonzalez v. Batmasian*, No. 9:16-cv-81696-MIDDLEBROOKS, 2018 U.S. Dist. LEXIS 236625, at *2 (S.D. Fla. Mar. 12, 2018) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). "Documentation may be inadequate where the applying attorney (1) includes time for unnecessary work; (2) engages in block billing; (3) fails to describe tasks with sufficient specificity; or (4) spends excessive time on tasks." *Gonzalez*, 2018 U.S. Dist. LEXIS 236625, at *2 (citing *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1294 (S.D. Fla. 2008)).

"A Party seeking fees must exercise adequate 'billing judgment.'" *Gonzalez*, 2018 U.S. Dist. LEXIS 236625, at *8 (*Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (citing *Hensley v. Eckhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983))). "To reflect proper billing judgment, attorneys 'must exclude from their fee applications excessive, redundant or otherwise unnecessary [hours] ... which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Park Cities Bank v. M/V Holo-Kai*, No. 07-80426-CIV, 2008 U.S. Dist. LEXIS 141423 (S.D. Fla. May 8, 2008) (quoting *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)).

Here, the documentation submitted by Defendant's counsel is inadequate and/or reflects poor billing judgment. Indeed, the following vague billing entries fail to describe the purported tasks completed with sufficient specificity:

1. 8/26/2022 - Review, attention to complaint, service; strategy. ($195.00)
2. 9/8/2022 - Strategy, attention to Removal. ($130.00)
3. 9/14/2022 - Review Notice of Judge Assignment. ($65.00)
4. 9/15/2022 - Strategy, attention to response to complaint. ($260.00)
5. 9/19/2022 - Strategy, attention to response to complaint. ($195.00)
6. 9/22/2022 - Strategy regarding motion to dismiss. ($130.00)
7. 9/28/2022 - Attention to Motion to Dismiss. ($130.00)

Moreover, the following billing entries reflect redundant and unnecessary billing by Defendant's counsel:

1. 8/25/2022 - Review docket, complaint; communication with client and attention to strategy. ($260.00)
2. 8/26/2022 - Review, attention to complaint, service; strategy. ($195.00)
3. 8/28/2022 - Review of new complaint and analysis for removal. ($105.00)
4. 8/29/2022 - Strategy regarding response to complaint, removal, CAFA. ($130.00)
5. 9/8/2022 - Strategy, attention to Removal. ($130.00)
6. 9/15/2022 - Strategy, attention to response to complaint. ($260.00)
7. 9/19/2022 - Strategy, attention to response to complaint. ($195.00)
8. 9/20/200 - Strategy regarding motion to dismiss; review and revise motion to dismiss. ($390.00)
9. 9/22/2022 - Strategy regarding motion to dismiss. ($130.00)

10. 9/26/2022 - Strategy, analysis, revisions regarding Motion to Dismiss. ($780.00)
11. 9/26/2022 – Revising motion to dismiss. ($840.00)
12. 9/27/2022 - Review, attention to Motion to Dismiss. ($195.00)
13. 9/27/2022 – Revising motion to dismiss. ($105.00)
14. 9/28/2022 - Attention to Motion to Dismiss. ($130.00)

Next, Defendant's counsel reflects poor billing judgment by seeking to recover excessive fees for work recycled from the prior action filed by Plaintiff. Indeed, a review of the Notice of Removal and supporting declaration of Dean Whaley filed in the prior action, attached as **Composite Exhibit A**, shows that the Notice of Removal and declaration filed in this case were essentially the same. Notwithstanding, Defendant's counsel seeks to recover the following excessive fees for work it largely performed in the prior action:

1. 9/9/2022 - Drafting Dean Whaley declaration. ($367.50)
2. 9/11/2022 - Review, analyze, revisions regarding D. Whaley Declaration in support of Removal. ($130.00)
3. 9/12/2022 - Revising draft notice of removal and Whaley declaration. ($892.50)
4. 9/13/2022 - Revising notice of removal. ($262.50)
5. 9/14/2022 - Finalizing notice of removal and related papers; attention to filing of same. ($682.50)

The Court should also respectfully reject the following fees that are supported by nothing more than improper block billing:

1. 9/19/2022 - Drafting/revising motion to dismiss; drafting motion for extension of time and corporate disclosure statement; attention to filing of same. ($3,570.00)

2. 9/28/2022 - Finalizing motion to dismiss and exhibits; drafting notice of constitutional question; attention to filing of same. ($735.00)

In sum, Defendant's counsel's vague and duplicative billing entries to are woefully deficient and this Court should, at a minimum, and respectfully, reduce the fees sought by Defendant by the entries identified above. Of course, Plaintiff submits that Defendant should recover nothing, but if this Court is inclined to disagree, the most it should recover is for actual non-duplicative or recycled work that was performed in this case, which amounts to drafting the Motion to Dismiss and associated research, for a total of **$2,242.50**.

**WHEREFORE**, Plaintiff, respectfully requests an Order denying Defendant's motions, and granting such other and further relief deemed appropriate under the circumstances.

DATED: December 26, 2022

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713